IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA



| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:17CR_251_-1 |
| | : | |
| HASSIE DEMOND NOWLIN, | : | |
| also known as a Demond Nowlin, | : | |
| Hassie Demond Knowlin, Demond | : | |
| Knowlin, and Brilliant Knowlin | : | |

The Grand Jury charges:

<u>Introductory Allegations</u>

At all times relevant herein:

1.      HASSIE DEMOND NOWLIN was a resident of Greensboro, North Carolina.

2.      HASSIE DEMOND NOWLIN prepared tax returns as a business in the city of Greensboro, in the County of Guilford, in the Middle District of North Carolina, including at a location on S. O'Henry Boulevard in Greensboro, North Carolina.

3.      The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the federal tax laws of the United States, and collecting taxes owed to the United States.

4.      HASSIE DEMOND NOWLIN opened and caused to be opened bank account xxxxxxxx3840 in his name (the "Personal 3840 Account").

5.    HASSIE DEMOND NOWLIN opened two bank accounts using the name "FULL FLAVA UNIT DISTRIBUTORS," account xxxxxxxx7191 (the "Full Flava 7191 Account") and account xxxxxxxx6196 (the "Full Flava 6196 Account").

6.    HASSIE DEMOND NOWLIN formed, and caused to be formed, an entity which he named "positive energy holdings LLC" (hereafter "PEH") and which he registered with the North Carolina Secretary of State.  HASSIE DEMOND NOWLIN opened two bank accounts in the name of PEH, account xxxxxx2596 (the "PEH 2596 Account") and account xxxxxxxx7935 (the "PEH 7935 Account").

7.    HASSIE DEMOND NOWLIN, along with M.F., formed, and caused to be formed, an entity which they named "The Ameridream Team 1 LLC" (hereafter "ADT") and which they registered with the North Carolina Secretary of State.

8.    HASSIE DEMOND NOWLIN established an entity in the name of "The 1416 Vine Trust" (hereafter "Vine Trust").  In the Vine Trust agreement, HASSIE DEMOND NOWLIN named himself as the primary beneficiary and appointed PEH as the Trustee.

9.    HASSIE DEMOND NOWLIN established an entity in the name of "Anthony Ct Trust" (hereafter "AC Trust").  In the AC Trust agreement,

2

HASSIE DEMOND NOWLIN named himself as the primary beneficiary and appointed PEH as the Trustee.

10. Between on or about September 15, 2008, and on or about May 17, 2010, the IRS assessed $16,350 in taxes, $4,821.92 in penalties and $1,465.78 in interest, totaling $22,637.70, against HASSIE DEMOND NOWLIN regarding his 2007 income tax return. Notice of the assessments was sent to HASSIE DEMOND NOWLIN.

11. On or about March 22, 2010, the IRS assessed $20,000 in frivolous filing penalties against HASSIE DEMOND NOWLIN regarding his 2005, 2006, and 2008 income tax returns. Notice of the assessments was sent to HASSIE DEMOND NOWLIN.

## COUNT ONE

12. Paragraphs 1-11 of the Introductory Allegations in this indictment are realleged and incorporated herein as if copied verbatim.

13. Beginning on or about July 30, 2008, continuing up to and including on or about January 25, 2017, the exact dates to the Grand Jurors unknown, in the County of Guilford, in the Middle District of North Carolina, and elsewhere, HASSIE DEMOND NOWLIN did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws by committing, among others, the following acts:

3

a. On or about July 30, 2008, HASSIE DEMOND NOWLIN filed false and fraudulent 2007 Forms 1099-OID, Original Issue Discount, and a false 2007 Form 1096, Annual Summary and Transmittal of U.S. Information Returns, with the IRS, on which he reported false amounts of income tax purportedly withheld on his behalf.

b. On or about November 19, 2008, HASSIE DEMOND NOWLIN filed a false 2006 Amended U.S. Individual Income Tax Return, Form 1040X, in his name with the IRS, on which he fraudulently claimed a tax refund in the amount of $556,307.

c. On or about November 19, 2008, HASSIE DEMOND NOWLIN filed a false 2005 Amended U.S. Individual Income Tax Return, Form 1040X, in his name with the IRS, on which he fraudulently claimed a tax refund in the amount of $75,000.

d. On or about March 24, 2009, HASSIE DEMOND NOWLIN filed a false 2005 Amended U.S. Individual Income Tax Return, Form 1040X, in his name with the IRS, on which he fraudulently claimed a tax refund in the amount of $71,641.

e. On or about April 23, 2009, HASSIE DEMOND NOWLIN filed a false 2008 U.S. Individual Income Tax Return, Form 1040, in his name

4

with the IRS, on which he fraudulently claimed a tax refund in the amount of $80,227.

     f.     On or about July 29, 2009, HASSIE DEMOND NOWLIN filed false 2007 Forms 1099-OID and a false 2007 Form 1096, in his name with the IRS, on which he reported false amounts of income tax purportedly withheld on his behalf.

     g.     During calendar year 2011, HASSIE DEMOND NOWLIN caused various clients' federal income tax refunds, or portions thereof, totaling approximately $23,486, to be deposited into the Full Flava 7191 Account.

     h.     On or about September 10, 2012, HASSIE DEMOND NOWLIN and M.F. transferred their ownership in a certain parcel of real property located on S. O'Henry Boulevard in Greensboro, North Carolina to ADT.

     i.     On or about October 11, 2012, HASSIE DEMOND NOWLIN filed a false 2011 U.S. Individual Income Tax Return, Form 1040A, in his name with the IRS, on which he fraudulently claimed a false dependency exemption for L.N. and a false education credit, which caused the IRS to credit a refund in the amount of $4,094 to his outstanding tax liabilities.

5

j.     During calendar year 2012, HASSIE DEMOND NOWLIN caused various clients' federal income tax refunds, or portions thereof, totaling approximately $ 26,474, to be deposited into the Full Flava 7191 Account.

k.     During calendar year 2012, HASSIE DEMOND NOWLIN caused various clients' federal income tax refunds, or portions thereof, totaling approximately $48,743, to be deposited into the Full Flava 6196 Account.

l.     On or about March 15, 2013, HASSIE DEMOND NOWLIN purchased a 2000 GMC Tahoe in the name of "FULL FLAVA INC."

m.     During calendar year 2013, HASSIE DEMOND NOWLIN caused various clients' federal income tax refunds, or portions thereof, totaling approximately $15,501, to be deposited into the Full Flava 7191 Account

n.     During calendar year 2013, HASSIE DEMOND NOWLIN caused various clients' federal income tax refunds, or portions thereof, totaling approximately $7,738, to be deposited into the Full Flava 6196 Account.

o.     During calendar year 2013, HASSIE DEMOND NOWLIN caused various clients' federal income tax refunds, or portions thereof, totaling approximately $36,463, to be deposited into the PEH 7935 Account.

p.     On or about May 4, 2014, HASSIE DEMOND NOWLIN purchased a 1985 GMC truck in the name of "PEH."

6

q.      On or about October 27, 2014, HASSIE DEMOND NOWLIN caused ADT to transfer its ownership in a certain parcel of real property located on S. O'Henry Boulevard in Greensboro, North Carolina, from ADT to PEH, which was the trustee for the Vine Trust.

r.      During calendar year 2014, HASSIE DEMOND NOWLIN caused various clients' federal income tax refunds, or portions thereof, totaling approximately $17,294, to be deposited into the Full Flava 6196 Account.

s.      During calendar year 2014, HASSIE DEMOND NOWLIN caused various clients' federal income tax refunds, or portions thereof, totaling approximately $74,050, to be deposited into the PEH 7935 Account.

t.      During calendar year 2014, HASSIE DEMOND NOWLIN caused various clients' federal income tax refunds, or portions thereof, totaling approximately $34,491, to be deposited into the PEH 2596 Account.

u.      Between in or around January 2011 through in or around January 2017, HASSIE DEMOND NOWLIN filed numerous tax returns with the IRS for clients in exchange for a fee, and failed to identify himself on the returns as the preparer.

v.      On or about June 18, 2015, HASSIE DEMOND NOWLIN made false statements to IRS Special Agents R.N. and R.D., including that he did not prepare tax returns for clients, but only provided consultation; that he

7

only charged $25-$50 for his consultation services; and that the bankruptcy petition which he filed in December 2014 was correct.

All in violation of Title 26, United States Code, Section 7212(a).

## COUNTS TWO THROUGH TWENTY-SEVEN

14. Paragraphs 1-3 of the Introductory Allegations in this indictment are realleged and incorporated herein as if copied verbatim.

15. On or about the dates set forth below, in the County of Guilford, in the Middle District of North Carolina, and elsewhere, HASSIE DEMOND NOWLIN did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under the internal revenue laws, of U.S. Individual Income Tax Returns, Forms 1040 and 1040A, either individual or joint, for the taxpayers and calendar years set forth on the table below, each of which was false and fraudulent as to one or more material matters, including, but not limited to, those matters described below, and each return identified herein constituting a separate offense:

8

| Count | Taxpayer | Year | Filing Date | False Material Matter | Description |
|---|---|---|---|---|---|
| 2 | C.B. | 2013 | 02/09/14 | Form 1040, Line 7<br><br>Form 8863, Line 27 | Wages, salaries, etc. - $9,897<br><br>Education expenses - $3,156 |
| 3 | M.F. | 2013 | 02/12/14 | Form 1040 - Schedule C (1), Line 9<br><br>Form 1040 - Schedule C (2), Line 9 | Car and truck expenses - $15,820<br><br>Car and truck expenses - $14,125 |
| 4 | M.F. | 2014 | 01/29/15 | Form 1040 - Schedule C (1), Line 9<br><br>Form 1040 - Schedule C (2), Line 9 | Car and truck expenses - $16,800<br><br>Car and truck expenses - $32,760 |
| 5 | R.F. | 2012 | 02/10/13 | Form 1040A, Line 6c | Dependent, L.M. |
| 6 | R.F. | 2013 | 02/15/14 | Form 1040A, Line 6c<br><br>Form 8863, Line 27 | Dependent, L.M.<br><br>Education expenses - $2,500 |
| 7 | R.F. | 2014 | 02/08/15 | Form 1040, Line 6c<br><br>Form 1040 - Schedule C, Line 9 | Dependent, L.M.<br><br>Car and truck expenses - $10,360 |

Case 1:17-cr-00251-CCE   Document 1   Filed 06/27/17   Page 9 of 23

| Count | Taxpayer | Year | Filing Date | False Material Matter | Description |
|---|---|---|---|---|---|
| 8 | L.G. | 2013 | 02/08/14 | Form 1040A, Line 7<br><br>Form 8863, Line 27 | Wages, salaries, etc. - $15,636<br><br>Education expenses - $3,000 |
| 9 | K.G. | 2013 | 02/23/14 | Form 1040A, Line 7<br><br>Form 8863, Line 27 | Wages, salaries, etc. - $9,799<br><br>Education expenses - $2,500 |
| 10 | E.I. | 2013 | 08/03/14 | Form 1040, Line 6c<br><br>Form 1040 - Schedule C, Line 9<br><br>Form 8863 (1), Line 27<br><br>Form 8863 (2), Line 27 | Dependent, D.D.<br><br>Car and truck expenses - $7,289<br><br>Education expenses - $3,000<br><br>Education expenses - $4,000 |
| 11 | E.I. | 2014 | 03/17/15 | Form 1040, Line 6c<br><br>Form 1040 - Schedule C, Line 9 | Dependent, D.D.<br><br>Car and truck expenses - $4,480 |
| 12 | J.J. | 2011 | 04/12/12 | Form 1040 - Schedule C, Line 9 | Car and truck expenses - $13,200 |
| 13 | J.J. | 2012 | 04/12/13 | Form 1040 - Schedule C, Line 9 | Car and truck expenses - $5,536 |
| 14 | J.J. | 2013 | 02/15/14 | Form 1040 - Schedule C, Line 9 | Car and truck expenses - $2,825 |

10

| Count | Taxpayer | Year | Filing Date | False Material Matter | Description |
|-------|----------|------|-------------|----------------------|-------------|
| 15 | L.J. | 2013 | 01/31/14 | Form 8863, Line 27 | Education expenses - $1,500 |
| 16 | L.J. | 2014 | 01/21/15 | Form 8863, Line 27 | Education expenses - $3,000 |
| 17 | A.P. | 2013 | 02/15/14 | Form 1040 - Schedule C, Line 9<br><br>Form 8863, Line 27 | Car and truck expenses - $14,125<br><br>Education expenses - $1,500 |
| 18 | M.R. | 2013 | 02/23/14 | Form 1040A, Line 7<br><br>Form 8863, Line 27 | Wages, salaries, etc. - $16,423<br><br>Education expenses - $2,500 |
| 19 | E.S. | 2013 | 03/04/14 | Form 1040 - Schedule C, Line 9<br><br>Form 8863, Line 27 | Car and truck expenses - $14,125<br><br>Education expenses - $4,000 |
| 20 | S.S. | 2013 | 02/15/14 | Form 1040A, Line 7<br><br>Form 8863, Line 27 | Wages, salaries, etc. - $14,123<br><br>Education expenses - $3,000 |
| 21 | V.S. & C.S. | 2012 | 02/08/13 | Form 1040 - Schedule C (1), Line 9<br><br>Form 1040 - Schedule C (2), Line 9 | Car and truck expenses - $13,868<br><br>Car and truck expenses - $11,100 |

Case 1:17-cr-00251-CCE   Document 1   Filed 06/27/17   Page 11 of 23

| Count | Taxpayer | Year | Filing Date | False Material Matter | Description |
|---|---|---|---|---|---|
| 22 | V.S. & C.S. | 2013 | 01/30/14 | Form 1040 - Schedule C (1), Line 9 | Car and truck expenses - $13,560 |
| | | | | Form 1040 - Schedule C (2), Line 9 | Car and truck expenses - $7,063 |
| 23 | N.W. | 2013 | 02/20/14 | Form 1040 - Schedule C, Line 9 | Car and truck expenses - $8,475 |
| | | | | Form 8863, Line 27 | Education expenses - $2,500 |
| 24 | N.W. | 2014 | 02/05/15 | Form 1040 - Schedule C, Line 9 | Car and truck expenses - $10,640 |
| | | | | Form 8863, Line 27 | Education expenses - $2,500 |
| 25 | L.J. | 2013 | 02/01/14 | Form 8863, Line 27 | Education expenses - $2,000 |
| 26 | L.J. | 2015 | 01/19/16 | Form 1040 - Schedule C, Line 9 | Car and truck expenses - $14,663 |
| | | | | Form 1040 - Schedule C, Line 25 | Utilities - $1,200 |
| 27 | L.J. | 2016 | 01/25/17 | Schedule C, Line 9 | Car and truck expenses - $15,120 |
| | | | | Schedule C, Line 25 | Utilities - $2,500 |

All in violation of Title 26, United States Code, Section 7206(2).

12

## COUNTS TWENTY-EIGHT THROUGH THIRTY-THREE

16. Paragraphs 1, 2, and 4-9 of the Introductory Allegations in this indictment are realleged and incorporated herein as if copied verbatim.

17. At all times relevant herein:

    a. HASSIE DEMOND NOWLIN was indebted to creditors, including Bank of America, N.A. ("Bank of America"), Caliber Home Loans, Inc. ("Caliber Home Loans") and others.

    b. A bankruptcy case is typically commenced with the filing of a petition for bankruptcy. A person seeking relief from debts, referred to as the "debtor," could file a "voluntary petition" for bankruptcy.

    c. Generally, the filing of a bankruptcy petition triggers an "automatic stay" against the debtor's creditors from taking any action on claims they might have against the debtor or any property owned by the debtor when the bankruptcy case was commenced, unless permission of the bankruptcy court was first obtained.

### The Scheme and Artifice

18. From on or about April 12, 2013, continuing up to and including on or about January 12, 2017, the exact dates to the Grand Jurors unknown, in the County of Guilford, in the Middle District of North Carolina, and elsewhere, HASSIE DEMOND NOWLIN, having devised and intending to

13

devise a scheme and artifice to defraud Bank of America, Caliber Home Loans, and other creditors, and for the purpose of executing and concealing such a scheme and artifice and attempting to do so, repeatedly filed bankruptcy petitions under Title 11 of the United States Code.

## Manner and Means

19.    During the period from on or about April 12, 2013, continuing up to and including on or about January 12, 2017, the exact dates to the Grand Jurors unknown, HASSIE DEMOND NOWLIN devised and intended to devise the scheme and artifice to defraud through the following manner and means:

a.    On or about April 12, 2013, HASSIE DEMOND NOWLIN filed a bankruptcy petition, In re Hassie Demond Nowlin, Case No. 13-10485. The Bankruptcy Court ordered HASSIE DEMOND NOWLIN to file a Statement of Financial Affairs by April 26, 2013, and further ordered that a Meeting of Creditors be held on May 13, 2013. HASSIE DEMOND NOWLIN failed to file a Statement of Financial Affairs, and failed to attend the Meeting of Creditors, and the Bankruptcy Court subsequently dismissed the case.

b.    On or about December 3, 2014, HASSIE DEMOND NOWLIN filed a bankruptcy petition, In re Hassie Demond Nowlin, Case No. 14-11408.    Along with the bankruptcy petition, HASSIE DEMOND NOWLIN filed a Statement of Financial Affairs on which he fraudulently failed

14

to disclose, among other things, interests in property and income from a trade or business. HASSIE DEMOND NOWLIN failed to provide proof of credit counseling, and the Bankruptcy Court subsequently dismissed the case.

c.     On or about September 28, 2015, HASSIE DEMOND NOWLIN filed a bankruptcy petition, In re Hassie Demond Nowlin, Case No. 15-11045.   Along with the bankruptcy petition, HASSIE DEMOND NOWLIN filed a Statement of Financial Affairs on which he fraudulently failed to disclose, among other things, interests in property and income from a trade or business. HASSIE DEMOND NOWLIN failed to provide proof of credit counseling, and the Bankruptcy Court subsequently dismissed the case.

d.     On or about April 4, 2016, HASSIE DEMOND NOWLIN filed a bankruptcy petition, In re Hassie Demond Nowlin, Case No. 16-10325. Along with the bankruptcy petition, HASSIE DEMOND NOWLIN filed a Statement of Financial Affairs on which he fraudulently failed to disclose, among other things, interests in property, and income from a trade or business. The Bankruptcy Court ordered HASSIE DEMOND NOWLIN to pay a filing fee by April 20, 2016. HASSIE DEMOND NOWLIN failed to pay the filing fee, and the Bankruptcy Court subsequently dismissed the case and ordered that HASSIE DEMOND NOWLIN be barred from refiling a bankruptcy petition for 180 days.

e.     On or about July 7, 2016, HASSIE DEMOND NOWLIN filed a bankruptcy petition, In re Hassie Demond Nowlin, Case No. 16-10686, in violation of the Bankruptcy Court's 180-day bar to refiling. Along with the bankruptcy petition, HASSIE DEMOND NOWLIN filed a Statement of Financial Affairs on which he fraudulently failed to disclose, among other things, interests in property and income from a trade or business. HASSIE DEMOND NOWLIN was not eligible to be a debtor, and the Bankruptcy Court subsequently dismissed the case.

f.     On or about October 19, 2016, HASSIE DEMOND NOWLIN filed a bankruptcy petition, In re Hassie Demond Nowlin, Case No. 16-11134, in violation of the Bankruptcy Court's 180-day bar to refiling. Along with the bankruptcy petition, HASSIE DEMOND NOWLIN filed a Statement of Financial Affairs on which he fraudulently failed to disclose, among other things, interests in property and income from a trade or business. HASSIE DEMOND NOWLIN was not eligible to be a debtor, and the Bankruptcy Court subsequently dismissed the case.

g.     On or about January 12, 2017, HASSIE DEMOND NOWLIN filed a bankruptcy petition, In re Hassie Demond Nowlin, Case No. 17-10026. Along with the bankruptcy petition, HASSIE DEMOND NOWLIN filed a Statement of Financial Affairs on which he fraudulently failed to disclose,

16

among other things, interests in property and income from a trade or business. The Bankruptcy Court ordered HASSIE DEMOND NOWLIN to pay a filing fee by January 30, 2017. HASSIE DEMOND NOWLIN failed to pay the filing fee, and failed to provide proof of credit counseling, and the Bankruptcy Court subsequently dismissed the case and ordered that HASSIE DEMOND NOWLIN be barred from refiling a bankruptcy petition for one year.

Execution of the Scheme and Artifice

20.     On or about the dates set out in the counts below for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, in the County of Guilford, in the Middle District of North Carolina, and elsewhere, HASSIE DEMOND NOWLIN, filed the following petitions under Title 11 of the United States Code, and each petition identified herein constituting a separate offense:

| Count | Date | Bankruptcy Petition |
|-------|------|---------------------|
| 28 | 12/03/2014 | Case No. 14-11408 |
| 29 | 09/28/2015 | Case No. 15-11045 |
| 30 | 04/04/2016 | Case No. 16-10325 |
| 31 | 07/07/2016 | Case No. 16-10686 |
| 32 | 10/19/2016 | Case No. 16-11134 |
| 33 | 01/12/2017 | Case No. 17-10026 |

All in violation of Title 18, United States Code, Section 157(1).

## COUNT THIRTY-FOUR

21.    Paragraphs 1, 2, and 4-9 of the Introductory Allegations in this indictment are realleged and incorporated herein as if copied verbatim.

22.    On or about December 3, 2014, in the County of Guilford, in the Middle District of North Carolina, HASSIE DEMOND NOWLIN knowingly and fraudulently made a material false declaration, certificate, and verification under the penalty of perjury, as permitted under Section 1746 of Title 28, in and in relation to a case under Title 11, In re Hassie Demond Nowlin, No. 14-11048, by submitting Schedules of Assets and Liabilities and a Statement of Financial Affairs, on which HASSIE DEMOND NOWLIN fraudulently failed to disclose, among other things, interests in bank accounts, interests in real property, interests in property held by third persons, income from a trade or business received during the two years immediately preceding the calendar year, transfers of real and personal property within two years immediately preceding the filing of the bankruptcy petition, transfers of real and personal property to trusts within ten years immediately preceding the filing of the bankruptcy petition, and debts owed to creditors.

All in violation of Title 18, United States Code, Section 152(3).

18

## COUNT THIRTY-FIVE

23.     Paragraphs 1, 2, and 4-9 of the Introductory Allegations in this indictment are realleged and incorporated herein as if copied verbatim.

24.     On or about September 28, 2015, in the County of Guilford, in the Middle District of North Carolina, HASSIE DEMOND NOWLIN knowingly and fraudulently made a material false declaration, certificate, and verification under the penalty of perjury, as permitted under Section 1746 of Title 28, in and in relation to a case under Title 11, In re Hassie Demond Nowlin, No. 15-11045, by submitting Schedules of Assets and Liabilities and a Statement of Financial Affairs, on which HASSIE DEMOND NOWLIN fraudulently failed to disclose, among other things, interests in bank accounts, interests in real property, interests in property held by third persons, income from a trade or business received during the two years immediately preceding the calendar year, transfers of real and personal property within two years immediately preceding the filing of the bankruptcy petition, transfers of real and personal property to trusts within ten years immediately preceding the filing of the bankruptcy petition, and debts owed to creditors.

All in violation of Title 18, United States Code, Section 152(3).

19

## COUNT THIRTY-SIX

25.    Paragraphs 1, 2, and 4-9 of the Introductory Allegations in this indictment are realleged and incorporated herein as if copied verbatim.

26.    On or about April 4, 2016, in the County of Guilford, in the Middle District of North Carolina, HASSIE DEMOND NOWLIN knowingly and fraudulently made a material false declaration, certificate, and verification under the penalty of perjury, as permitted under Section 1746 of Title 28, in and in relation to a case under Title 11, In re Hassie Demond Nowlin, No. 16-10325, by submitting Schedules of Assets and Liabilities and a Statement of Financial Affairs, on which HASSIE DEMOND NOWLIN fraudulently failed to disclose, among other things, interests in bank accounts, interests in real property, interests in property held by third persons, income from a trade or business received during the two years immediately preceding the calendar year, transfers of real and personal property within two years immediately preceding the filing of the bankruptcy petition, transfers of real and personal property to trusts within ten years immediately preceding the filing of the bankruptcy petition, and debts owed to creditors.

All in violation of Title 18, United States Code, Section 152(3).

20

## COUNT THIRTY-SEVEN

27.     Paragraphs 1, 2, and 4-9 of the Introductory Allegations in this indictment are realleged and incorporated herein as if copied verbatim.

28.     On or about July 7, 2016, in the County of Guilford, in the Middle District of North Carolina, HASSIE DEMOND NOWLIN knowingly and fraudulently made a material false declaration, certificate, and verification under the penalty of perjury, as permitted under Section 1746 of Title 28, in and in relation to a case under Title 11, In re Hassie Demond Nowlin, No. 16-10686, by submitting Schedules of Assets and Liabilities and a Statement of Financial Affairs, on which HASSIE DEMOND NOWLIN fraudulently failed to disclose, among other things, interests in bank accounts, interests in real property, interests in property held by third persons, income from a trade or business received during the two years immediately preceding the calendar year, transfers of real and personal property within two years immediately preceding the filing of the bankruptcy petition, transfers of real and personal property to trusts within ten years immediately preceding the filing of the bankruptcy petition, and debts owed to creditors.

All in violation of Title 18, United States Code, Section 152(3).

21

## COUNT THIRTY-EIGHT

29.    Paragraphs 1, 2, and 4-9 of the Introductory Allegations in this indictment are realleged and incorporated herein as if copied verbatim.

30.    On or about October 19, 2016, in the County of Guilford, in the Middle District of North Carolina, HASSIE DEMOND NOWLIN knowingly and fraudulently made a material false declaration, certificate, and verification under the penalty of perjury, as permitted under Section 1746 of Title 28, in and in relation to a case under Title 11, In re Hassie Demond Nowlin, No. 16-11134, by submitting Schedules of Assets and Liabilities and a Statement of Financial Affairs, on which HASSIE DEMOND NOWLIN fraudulently failed to disclose, among other things, interests in bank accounts, interests in real property, interests in property held by third persons, income from a trade or business received during the two years immediately preceding the calendar year, transfers of real and personal property within two years immediately preceding the filing of the bankruptcy petition, transfers of real and personal property to trusts within ten years immediately preceding the filing of the bankruptcy petition, and debts owed to creditors.

All in violation of Title 18, United States Code, Section 152(3).

DATED: June 27, 2017

SANDRA J. HAIRSTON
Acting United States Attorney

BY: ANAND P. RAMASWAMY
Assistant United States Attorney

BY: ROBERT J. BOUDREAU
Trial Attorney
U.S. Department Of Justice

A TRUE BILL:

FOREPERSON

23