IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:17CR251-1 |
| | : | |
| v. | : | |
| | : | |
| HASSIE DEMOND NOWLIN, | : | PLEA AGREEMENT |
| also known as a Demond Nowlin, | : | |
| Hassie Demond Knowlin, Demond | : | |
| Knowlin, and Brilliant Knowlin | : | |

NOW COME the United States of America, by and through Sandra J. Hairston, Acting United States Attorney for the Middle District of North Carolina, and the defendant, HASSIE DEMOND NOWLIN, in his own person and through his attorney, Kathleen A. Gleason, and have entered into this Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. References in this Plea Agreement to the United States mean the United States Attorney for the Middle District of North Carolina and the Tax Division of the United States Department of Justice. The terms of the agreement are as follows:

1. The defendant, HASSIE DEMOND NOWLIN, is charged by Indictment in case number 1:17CR251-1 with one count of violating Title 26, United States Code, Section 7212(a), corruptly endeavoring to impede the due administration of the internal revenue laws; twenty-six counts of violating

Title 26, United States Code, Section 7206(2), aiding and assisting in the preparation and presentation of false tax returns; six counts of violating Title 18, United States Code, Section 157(1), committing bankruptcy fraud by filing bankruptcy petitions; and five counts of violating Title 18, United States Code, Section 152(3), making false bankruptcy declarations.

2. The defendant, HASSIE DEMOND NOWLIN, will enter voluntary pleas of guilty to Counts One, Twenty-One, and Thirty-One of the Indictment. The nature of these charges and the elements of these charges, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

3. The defendant, HASSIE DEMOND NOWLIN, agrees to plead guilty to Counts One, Twenty-One, and Thirty-One of the Indictment because he is, in fact, guilty of corruptly endeavoring to impede the due administration of the internal revenue laws, in violation of Title 26, United States Code, Section 7212(a); aiding and assisting in the preparation of false tax returns, in violation of Title 26, United States Code, Section 7206(2); and committing bankruptcy fraud, in violation of Title 18, United States Code, Section 157(1), and not because of any threats or promises. The defendant admits the facts set forth in the factual basis filed with this Plea Agreement and agrees that those facts establish guilt of the offenses charged beyond a reasonable doubt.

2

4. By voluntarily pleading guilty to Counts One, Twenty-One, and Thirty-One of the Indictment, the defendant, HASSIE DEMOND NOWLIN, knowingly waives and gives up his constitutional rights as a defendant on trial in a criminal case. The defendant understands that those rights include:

    a. the right to plead not guilty to an indictment and to persist in that plea;

    b. the right to compel the United States to prove his guilt beyond a reasonable doubt;

    c. the right not to be compelled to incriminate himself;

    d. the right to confront and cross-examine the witnesses against him, to testify and present evidence, and to compel the attendance of witnesses; and

    e. the right to have a jury or judge determine his guilt on the evidence presented.

5. The defendant, HASSIE DEMOND NOWLIN, understands that the maximum penalties for the offenses to which he is pleading guilty are as follows:

    a. For corruptly endeavoring to impede the due administration of the internal revenue laws, in violation of Title 26, United States Code, Section 7212(a), the maximum term of imprisonment provided by law is not more than

3 years, and the maximum fine is $250,000. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine." Additionally, the defendant may receive a term of supervised release of not more than 1 year after imprisonment, pursuant to Title 18, United States Code, Section 3583.

      b. For aiding and assisting in the preparation of a false tax return, in violation of Title 26, United States Code, Section 7206(2), the maximum term of imprisonment provided by law is not more than 3 years, and the maximum fine is $250,000. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine." Additionally, the defendant may receive a term of supervised release of not more than 1 year after imprisonment, pursuant to Title 18, United States Code, Section 3583.

      c. For committing bankruptcy fraud, in violation of Title 18, United States Code, Section 157(1), the maximum term of imprisonment provided by law is not more than 5 years, and the maximum fine is $250,000. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine." Additionally, the defendant may receive a term of supervised release of not more than 3 years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

4

6. The defendant, HASSIE DEMOND NOWLIN, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

7. The extent of the plea bargaining in this case is as follows:

    a. Upon the acceptance by the Court of a guilty plea by the defendant, HASSIE DEMOND NOWLIN, to Counts One, Twenty-One, and Thirty-One of the Indictment, and at the conclusion of the sentencing hearing thereon, the United States of America will move the Court to dismiss the remaining counts in the Indictment, and will not further criminally prosecute the defendant in the Middle District of North Carolina for the specific conduct described in the Indictment or the Factual Basis filed herewith. This portion

of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

  b. The defendant, HASSIE DEMOND NOWLIN, and the United States agree about the following sentencing guideline provisions and sentencing considerations. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure:

    i. The applicable offense guideline for Count One is Section 2T1.1 of the Sentencing Guidelines.

    ii. The applicable offense guideline for Count Twenty-One is Section 2T1.4 of the Sentencing Guidelines.

    iii. Counts One and Twenty-One are grouped together under Section 3D1.2(d) of the Sentencing Guidelines. The amount of tax loss resulting from Counts One and Twenty-One is between $550,000 and $1,150,000, which results in a base offense level of 20 under Section 2T4.1(H) of the Sentencing Guidelines.

    iii. The 2-level enhancement for being in the business of preparing tax returns, under Section 2T1.4(b)(1) of the Sentencing Guidelines. applies.

    iv. The 2-level enhancement for an offense involving sophisticated means, under Section 2T1.1(b)(2) of the Sentencing Guidelines.

does not apply. The United States agrees that, if this enhancement is recommended by the United States Probation Office, the United States will oppose its application.

    v. The United States recommends that the defendant receive the two-level adjustment for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines. Because the offense level prior to the operation of Section 3E1.1(a) is 20 (which is 16 or greater), the United States recommends a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. However, the United States will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the defendant engages in conduct inconsistent with accepting responsibility.

  8. The defendant, HASSIE DEMOND NOWLIN, understands and agrees that pursuant to Title 18, United States Code, Section 3013, the defendant shall pay an assessment to the Court of $100 per count of conviction. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate

7

Financial Responsibility Program for purposes of paying such special assessment.

9. The defendant, HASSIE DEMOND NOWLIN, understands that, if he is not a citizen of the United States, entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, HASSIE DEMOND NOWLIN, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences that his guilty plea might entail, even if such consequences might include automatic removal and possibly permanent exclusion from the United States.

10. To the maximum extent permitted by federal law and in exchange for the United States agreeing not to bring additional charges against the defendant, HASSIE DEMOND NOWLIN, he voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to Title 28 United States Code, Section 2255) on any ground, excepting the defendant's right to appeal or collaterally attack his conviction and sentence in any post-conviction proceeding based upon grounds of (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea, (3) a sentence in excess of the statutory maximum, and

(4) a sentence based on an unconstitutional factor, such as race, religion, national origin or gender. The defendant understands that this Plea Agreement does not limit the United States' right to appeal, but if the United States initiates a direct appeal of the sentence imposed, the defendant may file a cross-appeal of that same sentence.

11. The defendant, HASSIE DEMOND NOWLIN, agrees, as part of this plea agreement, to be permanently enjoined under Title 26, United States Code, Sections 7402 and 7407, from preparing or filing federal tax returns for anyone other than himself. The defendant understands that the United States will file a civil complaint against him seeking this relief, and the defendant agrees to consent to a permanent injunction.

12. The defendant, HASSIE DEMOND NOWLIN, agrees to the following terms concerning restitution:

    a. The defendant, HASSIE DEMOND NOWLIN, agrees to pay restitution pursuant to the Internal Revenue Service pursuant to Title 18, United States Code, Section 3663(a)(3), which the defendant agrees includes restitution arising from all relevant conduct, and is not limited to that arising from the offenses of conviction alone as outlined below. The defendant further acknowledges that restitution is mandatory for Count 31 pursuant to Title 18 United States Code, Section 3663A. The defendant agrees to pay the full

9

restitution amount as owed on the date of sentencing to the Internal Revenue Service, the victim of Counts One and Twenty-One, to which he is pleading guilty. The defendant further agrees to pay full restitution to the Clerk of the Court for distribution to the victims of Count Thirty-One.

  b. Without limiting the amount of restitution that the Court imposes, the parties agree that the Internal Revenue Service is entitled to restitution in at least the total amount set forth below, which is the sum of the taxes owed by HASSIE DEMOND NOWLIN for the years during which he corruptly endeavored to impede the due administration of the internal revenue laws and during which he aided and assisted in the preparation and presentation of false tax returns to the Internal Revenue Service:

| Tax Year | Taxpayer | Amount |
| --- | --- | --- |
| 2013 | C.B. | $3,085 |
| 2013 | M.F. | 12,475 |
| 2014 | M.F. | 11,330 |
| 2012 | R.F. | 3,312 |
| 2013 | R.F. | 4,739 |
| 2014 | R.F. | 5,323 |
| 2013 | L.G. | 7,757 |
| 2013 | K.G. | 3,091 |
| 2013 | E.I. | 6,920 |
| 2014 | E.I. | 3,290 |
| 2013 | L.J.-D. | 915 |
| 2015 | L.J.-D. | 5,025 |
| 2016 | L.J.-D. | 6,157 |
| 2011 | J.J. | 4,556 |
| 2012 | J.J. | 3,104 |
| 2013 | J.J. | 2,025 |
| 2013 | L.J. | 4,450 |

|      |                      |           |
|------|----------------------|-----------|
| 2014 | L.J.                 | 4,730     |
| 2013 | R.L.                 | 5,778     |
| 2014 | R.L.                 | 6,962     |
| 2005 | Hassie Demond Nowlin | 12,134    |
| 2006 | Hassie Demond Nowlin | 6,064     |
| 2007 | Hassie Demond Nowlin | 25,320    |
| 2008 | Hassie Demond Nowlin | 6,064     |
| 2014 | Hassie Demond Nowlin | 3,643     |
| 2013 | A.P.                 | 7,493     |
| 2013 | M.R.                 | 5,028     |
| 2013 | E.S.                 | 3,895     |
| 2013 | S.S.                 | 3,592     |
| 2012 | C.S.                 | 3,356     |
| 2013 | C.S.                 | 4,683     |
| 2013 | N.W.                 | 4,669     |
| 2014 | N.W.                 | <u>3,902</u> |
|      |                      | $197,793  |

Total Restitution to the Internal Revenue Service: $197,793.

  c. Further, the parties agree that the victims specified below are entitled to restitution, in an amount to be determined by the Court at sentencing, which represents the financial loss caused by HASSIE DEMOND NOWLIN for the period during which he committed bankruptcy fraud:

<u>Name</u>
Bank of America, N.A.
Caliber Home Loans, Inc.

  d. The defendant also agrees to pay full restitution, regardless of the resulting loss amount, to the Internal Revenue Service for "relevant conduct," including conduct described in the Factual Basis or uncharged conduct.

e. Defendant agrees to send restitution payments to the IRS at the following address:

> IRS - RACS
> Attn: Mail Stop 6261, Restitution
> 333 W. Pershing Ave.
> Kansas City, MO 64108

f. With each payment to the IRS, defendant will provide the following information:

> i. Defendant's name and Social Security number;
>
> ii. The District Court and the docket number assigned to this case;
>
> iii. Tax year(s) or period(s) for which restitution has been ordered; and
>
> iv. A statement that the payment is being submitted pursuant to the District Court's restitution order.

g. Defendant agrees to send a notice to the Clerk of Court of the Middle District of North Carolina of payments sent directly to the Internal Revenue Service.

h. Failure to send payments to the specific IRS address set forth above, and failure to include all of the information listed above may result in the IRS applying the payment in the best interest of the United States. The defendant understands that he is not entitled to credit with the Internal Revenue Service for any payment sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is

12

actually received by the Internal Revenue Service and identified by it as pertaining to his particular liability.

   i. The defendant agrees to make full disclosure of all current and projected assets to the Probation Office immediately, as well as prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the United States Attorney's Office, including the Financial Litigation Unit, for any purpose. This disclosure shall include co-mingled assets or assets held in the names of third parties.

   j. The defendant agrees to truthfully complete under penalty of perjury within thirty days of the execution of this Plea Agreement a financial statement provided by the United States Attorney's Office and to update the statement with material changes within seven days of the change.

   k. The defendant consents to any motion by the United States under Rule 6(e)(3)(E) of the Federal Rules of Criminal Procedure, to disclose grand jury material to the IRS for use in computing and collecting the defendant's taxes, interest and penalties, and to the civil and forfeiture sections of the United States Attorney's Office for use in identifying assets and collecting fines and restitution. The defendant also agrees to file any required true and correct tax returns for the years 2011 through 2016 within sixty days of the sentencing in this matter and to pay all taxes, interest, and penalties for

the years 2011 through 2016 within a reasonable time in accordance with a plan to be devised by the Probation Office. The defendant further agrees to make all books, records, and documents available to the Internal Revenue Service for use in computing defendant's taxes, interest, and penalties for the years 2011 through 2016.

1. The defendant understands that nothing in this agreement or in any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the Internal Revenue Service for the time periods covered by this agreement or any other time period.

13. The defendant, HASSIE DEMOND NOWLIN, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

14. The defendant, HASSIE DEMOND NOWLIN, agrees that his debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if defendant debtor is current in his payment under any Court imposed payment schedule.

15. This agreement is effective when signed by the defendant, HASSIE DEMOND NOWLIN, his attorney, and an attorney for the United States of America. The defendant agrees to entry of this plea at the date and time scheduled by the Court. If the defendant withdraws from the Plea Agreement, or commits or attempts to commit any additional federal, state, or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a. The United States will be released from its obligations under this agreement. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement.

    b. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts attached to this agreement or

adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Federal Rule of Evidence 410, Federal Rule of Criminal Procedure 11(f), the Sentencing Guidelines.

c. Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the Plea Agreement by a preponderance of the evidence.

d. The proceeding established by this paragraph does not apply, however to the decision of the United States whether to file a motion based on "substantial assistance" as that phrase is used in Rule 35(b) of the Federal Rules of Criminal Procedure and Section 5K1.1 of the Sentencing Guidelines and Policy Statements. The defendant agrees that the decision whether to file such a motion rests in the sole discretion of the United States.

16. The parties acknowledge that no agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement. No additions or

modifications shall be valid unless executed in writing and signed by all parties.

This, the 5 day of August, 2017.

SANDRA J. HAIRSTON
Acting United States Attorney

_____
ANAND P. RAMASWAMY
Assistant United States Attorney

_____
KATHLEEN A. GLEASON
Attorney for Defendant

_____
ROBERT J. BOUDREAU
Trial Attorney
Department of Justice, Tax Division

_____
HASSIE DEMOND NOWLIN
Defendant