UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:17CR251-1 |
| | : | |
| HASSIE DEMOND NOWLIN | : | |

GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Sandra J. Hairston, Acting United States Attorney for the Middle District of North Carolina, hereby submits this memorandum in support of its position that this defendant should receive a Guidelines sentence of imprisonment.

I. **PROCEDURAL HISTORY**

On June 27, 2017, the grand jury returned an indictment against Hassie Demond Nowlin ("Nowlin" or the "defendant") charging one count of corruptly endeavoring to interfere with the due administration of the internal revenue laws in violation of 26 U.S.C. § 7212(a); twenty-six counts of aiding and assisting in the preparation of false tax returns in violation of 26 U.S.C. § 7206(2); six counts of filing bankruptcy petitions to commit bankruptcy fraud in violation of 18 U.S.C. § 157(1); and five counts of filing false bankruptcy petitions in violation of 18 U.S.C. § 152(3).

On August 15, 2017, pursuant to a plea agreement, the defendant pled guilty before the Honorable Judge Catherine C. Eagles to Count 1, endeavoring to impede the due administration of the internal

revenue laws in violation of 26 U.S.C. § 7212(a)); Count 21, preparing a false 2012 Individual Income Tax Return for V.S. and C.S. in violation of 26 U.S.C. § 7206(2); and Count 31, filing a bankruptcy petition with the U.S. Bankruptcy Court in Case No. 16-10686 to defraud Bank of America and Caliber Home Loans in violation of 18 U.S.C. § 157(1).

## II. FACTUAL SUMMARY

The facts listed in the Presentence Investigative Report ("PSR") are accurate. PSR, ¶¶ 13- 31. In short, the defendant engaged in three tax schemes, and committed bankruptcy fraud. The tax schemes were as follows: first, in 2008 and following years, the defendant attempted to obtain bogus refunds from the Internal Revenue Service ("IRS") by filing false tax returns and other documents claiming refunds for taxes purportedly withheld on his behalf; second, between 2011 and 2017, the defendant prepared and filed hundreds of tax returns for individual clients, on many of which returns he reported false items in order to increase the clients' tax refunds; and third, between 2011 and 2014, the defendant earned over a quarter-million dollars in fees from his tax return preparation business, had the fees deposited into nominee bank accounts, and did not report the income to the IRS. The defendant committed bankruptcy fraud between 2013 and 2017 by repeatedly filing bankruptcy petitions, several of which were accompanied by false

2

financial statements, with the U.S. Bankruptcy Court in an attempt to defraud his mortgage lender and escape his loan obligations.

**III.   THE ADVISORY GUIDELINES**

Since United States v. Booker, 543 U.S. 220 (2005), a framework has developed by which a court determines the appropriate sentence in criminal cases.  As a starting point, the sentencing court must properly calculate the advisory range of imprisonment under the Sentencing Guidelines.  Gall v. United States, 552 U.S. 38, 49 (2007).  Then, "after giving both parties an opportunity to argue for whatever sentence they deem appropriate," the court should "consider all of the [18 U.S.C.] § 3553(a) factors to determine whether they support the sentence requested by a party." Id. at 49-50.

It is the United States' position that Nowlin has assisted in the investigation and prosecution of his own misconduct by timely notifying the government of his intention to enter a plea of guilty. The United States hereby moves that Nowlin's offense level be decreased by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines.

With the foregoing in mind, the United States believes that the final offense level is nineteen (19), which, prior to adjustment for criminal history, corresponds to a sentencing range of 30-37 months of imprisonment, as calculated below:

3

```
Base offense level (§§2T1.4(a), 2T4.1)    20
Business enhancement (§2T1.4(b)(1))       +2
Acceptance of responsibility (§3E1.1(a))  -2
Acceptance of responsibility (§3E1.1(b))  -1
Final offense level:                      19
```

## IV. THE COURT SHOULD SENTENCE THE DEFENDANT TO A GUIDELINES TERM OF IMPRISONMENT

After determining the appropriate Guidelines range, the court must next consider the 18 U.S.C. § 3553(a) factors, which include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) the need to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a). Additionally, the Court must consider the kinds of sentences available, the range set forth by the Guidelines, any pertinent policy statements by the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to any victims of the offense. Id. In this case, a thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that a Guidelines sentence of

4

incarceration is appropriate.

A. <u>The Nature and Circumstances of the Offense</u>

Nowlin engaged in several tax schemes. During the early stages, he had ample notice of his wrongdoing, and more than enough time to change his ways. In fact, he was assessed civil penalties by the IRS for filing fraudulent returns with the IRS. Nevertheless, instead of amending his behavior, the defendant then "upped the ante" by filing dozens of false tax returns for other individuals, and in many instances collected his portion of the false refunds in the form of a fee. The defendant earned fees totaling more than ten times the civil assessments; however, to keep the IRS from collecting the comparatively small debt, the defendant stashed his earnings in nominee bank accounts and failed to report the fees on his own tax returns.

Further, the defendant also aggressively sought to defraud his mortgage lender by filing for bankruptcy protection over and over again. As the PSR notes, the defendant has very few debts: the home loan, initially obtained for $39,000, which is now in foreclosure; and one other inconsequential credit card debt, which was "charged off." As is noted above, the defendant collected nearly $300,000 from his tax preparation business in just a four-year span (and "tax season" typically lasts from just January to mid-April of each year). And he did not pay taxes on these earnings. He could have paid off

his house, and purchased several more like it, with these funds. Nevertheless, he chose to try to defraud his creditors by abusing the bankruptcy process.

None of the factors in Section 3553(a) warrants imposing a sentence lower than a Guidelines term of imprisonment. To the contrary, the nature and circumstances of the offenses suggest that a Guidelines term of imprisonment is particularly appropriate here. Nowlin misused his knowledge of the tax code, and his position as a tax return preparer, to falsify tax returns not just for himself, but also for his clients, resulting in a substantial loss to the U.S. Treasury. The implication is that he was operating purely out of greed, and showing great disdain for the government institutions which he tried to manipulate for his own benefit.

B. The History and Characteristics of the Defendant

Nothing in the defendant's history mitigates his culpability in this case. Much to the contrary, he has had numerous run-ins with the law for various misdemeanor and felony offenses. While the PSR only notes one actual conviction in 2006, the defendant began his scheme to interfere with the IRS while he was serving his sentence for that crime. The defendant's disregard for the criminal justice system amplifies the need for and appropriateness of a Guidelines sentence.

C. <u>Reflecting the Seriousness of the Offense, Promoting Respect for the Law, and Providing Just Punishment for the Offense</u>

The defendant engaged in a serious offense. As the Guidelines recognize, "Tax offenses, in and of themselves, are serious offenses." U.S.S.G. § 2T1.1 cmt. background. Criminal tax prosecutions serve a dual purpose: to punish the violator and to promote respect for the tax laws. First, fostering respect for the law and providing for just punishment require that violators be subject to significant punitive consequences, in order for the criminal tax laws to be viewed as having any real weight. And, second, respect for the law will be promoted when others who choose on their own to fulfill their tax obligations recognize that they are not "suckers" for having voluntarily complied.

D. <u>Affording Adequate Deterrence to Criminal Conduct and Protecting the Public from Further Crimes of the Defendant</u>

In this case, the defendant is responsible for committing tax crimes and causing over $190,000 in losses to the United States. At the same time, the defendant was committing bankruptcy fraud and trying to deceive the U.S. Bankruptcy Court by filing false statements. Specific deterrence is clearly a relevant consideration in the Court's determination of an appropriate sentence.

While general deterrence is one of the prescribed goals for any sentencing, it occupies an especially important role in sentencing

for criminal tax offenses, because criminal tax prosecutions have historically been relatively rare. The Sentencing Commission has issued a policy statement stressing the importance of general deterrence in tax cases:

> The criminal tax laws are designed to protect the public interest in preserving the integrity of the nation's tax system. Criminal tax prosecutions serve to punish the violator and promote respect for the tax laws. Because of the limited number of criminal tax prosecutions relative to the estimated incidence of such violations, deterring others from violating the tax laws is a primary consideration underlying these guidelines. Recognition that the sentence for a criminal tax case will be commensurate with the gravity of the offense should act as a deterrent to would-be violators.

U.S. Sentencing Guidelines Manual, ch. 2, pt. T1, introductory cmt.

With the foregoing in mind, this case presents a real opportunity for the sentence to promote the goal of general deterrence, and to protect the public from further criminal conduct. This case is similarly important in deterring tax return preparers who may wish to misuse our nation's tax system, the integrity of which is of incredible importance to the operations of federal and state government functions.

Unlike the taxpayer who falsifies his or her personal return, tax return preparers file large numbers of returns and therefore have the ability to cause greater loss to the United States government. Further, tax return preparers possess unique knowledge about the intricacies of calculating tax refunds, and of course this knowledge

8

can be misused. Here, for example, Nowlin was able to use false deductions and other items in order to boost clients' tax refunds.

Put simply, given the lack of specialized tax knowledge that the average taxpayer possesses, return preparers serve a significant function in the tax collection process. It is of vital importance that they serve this function with honesty and integrity. Therefore, the sentence in this case could send an important message to prevent return preparers from taking advantage of their specialized tax knowledge and positions of trusts.

   E. <u>Providing the Defendant with Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner</u>

The defendant is healthy, and has no educational, medical or other correctional treatment that warrants mitigating the defendant's sentence.

   F. <u>Avoiding Sentencing Disparity</u>

The Sentencing Commission specifically designed the guidelines to reduce the number of probationary sentences in tax cases, noting that:

> [u]nder pre-guidelines practice, roughly half of all tax evaders were sentenced to probation without imprisonment, while the other half received sentences that required them to serve an average prison term of twelve months. This guideline is intended to reduce disparity in sentencing for tax offenses and to somewhat increase average sentence length. As a result, the number of purely probationary sentences will be reduced.

9

§ 2T1.1 cmt. background. This policy determination suggests that a non-Guidelines sentence in this case would not represent adequate deterrence, would not further the goal of reducing disparity in sentencing, and would run contrary to the policy determination of the Sentencing Commission.

**V.    CONCLUSION**

The government submits that consideration of the factors under 18 U.S.C. § 3553(a) supports a Guidelines sentence of imprisonment, based on the serious nature of this crime, the defendant's history and characteristics, the need to reflect the seriousness of the crime and promote respect for the law, the need for deterrence, the need to protect the public from future crimes of the defendant, and the need to avoid sentencing disparities.  This sentence is sufficient but not greater than necessary to comply with the goals of 18 U.S.C. § 3553(a).  Accordingly, the United States requests that the Court sentence Nowlin to a Guidelines term of imprisonment and 3 years of supervised release, and that the Court order Nowlin to pay restitution in the amount set forth in the PSR.

Respectfully submitted, this the 7th day of November, 2017.

        SANDRA J. HAIRSTON
        Acting United States Attorney


        /S/ ANAND P. RAMASWAMY
        Assistant United States Attorney
        North Carolina State Bar No. 24991
        United States Attorney's Office
        Middle District of North Carolina
        101 S. Edgeworth Street, 4th Floor
        Greensboro, North Carolina 27401
        Phone: (336) 333-5351


        /s/ ROBERT J. BOUDREAU
        Robert J. Boudreau
        Trial Attorney
        United States Department of Justice
        Tax Division

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served electronically or by mail to Kathleen Gleason, Esq., counsel for defendant, on this, the 7th day of November, 2017.


        /s/ ROBERT J. BOUDREAU
        Robert J. Boudreau